*Sidney W. Davidson* and *Leslie D. Dawson* for appellants. *Charles L. Woody* for respondent.

In each action order affirmed and judgment absolute ordered against appellants on the stipulation, with costs in all courts; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JACK SHAPIRO, Appellant.

*Crimes — disorderly conduct — judgment of conviction affirmed.*

(Submitted June 15, 1928; decided July 19, 1928.)

APPEAL, by permission, from a judgment of the Court of Special Sessions of the City of New York, entered February 25, 1928, which affirmed a judgment of a Magistrate's Court convicting the defendant of disorderly conduct.

*Jonah J. Goldstein, David Goldstein* and *S. S. Goldsmith* for appellant.

*Joab H. Banton, District Attorney (John C. McDermott* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

SAMUEL LOWETT, Respondent, *v.* ALEXANDER BURSCH, Appellant.

*Real property — contract — action to establish interest in real property.*

*Lowett* v. *Bursch,* 223 App. Div. 791, affirmed.

(Submitted June 15, 1928; decided July 19, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 30, 1928, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial

Prepared by State Reporter from Appeal Papers

at Special Term. The complaint alleged that the plaintiff and the defendant entered into an agreement for the purchase at public auction of certain real property located on Bay Ridge avenue, in the borough of Brooklyn; that such property was purchased at public auction and that at the sale it was struck down to the plaintiff, who signed the terms of sale; that at the time of taking title it was agreed between the plaintiff and the defendant that the plaintiff assign his bid to the defendant in whose name title was to be taken, upon an understanding that both plaintiff and the defendant would each have an undivided one-half interest in the premises and in the net rents and profits thereof; that without any further consideration, said bid was assigned to the defendant who took title to the said property in his name, and that thereafter defendant repudiated the agreement and refused to recognize plaintiff's interest in the premises. The trial court adjudged that the plaintiff was the owner of a one-half interest in the property and directed that upon a sale of the property the proceeds be divided between plaintiff and defendant.

*William Godnick* and *Irving C. Maltz* for appellant.

*Sidney A. Clarkson, Albert A. Hovell* and *H. W. McChesney* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

DOROTHY BIRD, Respondent, *v.* WILLIAM SMITH, Appellant.

*Negligence — motor vehicles — action to recover for personal injuries resulting from collision of automobiles.*

*Bird* v. *Smith*, 222 App. Div. 793, affirmed.

(Argued June 15, 1928; decided July 19, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,